**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

BIG SKY HOUSE MOVING, LLC,   )
             )
Plaintiff,            )
             )
     vs.           )     Case No. _____
             )
HARTFORD FIRE INSURANCE CO.  )
             )
Defendant.          )

**COMPLAINT FOR RECOVERY UNDER MILLER ACT**
**AND OTHER RELIEF**

Big Sky House Moving LLC, (hereinafter "Big Sky"), complaining against the

Defendant, Hartford Fire Insurance Company, states as follows:

**JURISDICTION**

1.     This Court has subject matter jurisdiction pursuant to the 28 U.S.C. §

1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B).  This Court has

pendent jurisdiction and supplemental jurisdiction over the State law claims alleged

in this Complaint pursuant to 28 U.S.C. § 1367.

**VENUE**

2.     The contract at issue was to be performed in Park County, Wyoming.

Venue therefore lies in the United States District Court for the District of Wyoming

pursuant to 40 U.S.C. § 3133(b) and 28 U.S.C. § 1391(b)(2).

## PARTIES

3.      Plaintiff is a corporation organized and existing under the laws of the State of Montana, with its principal place of business in Helena, MT.  Plaintiff is a contractor specializing in moving complete structures without disassembling them.

4.      Defendant, Hartford Fire Insurance Company ("Hartford" or "Surety"), is a company authorized to issue payment and performance bonds for Federal Government construction projects and has its principal office in Hartford, Connecticut.

## STATEMENT OF FACTS

5.      On or about December 21, 2020, OK2 Construction LLC, ("OK2") is a Texas corporation, organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California, being known as a prime contractor, contracted with the National Park Service ("NPS"), on the federal construction project known as: Description-Repair Housing Unit 16, Officers Row, Yellowstone National Park; Contract Number 140P1419D0012; Project Number 140P1420F0039 (or "Project").  The contract between OK2 and NPS is herein referred to as the "Prime Contract".

6.      On December 21, 2020, OK2 obtained a Miller Act Payment Bond (hereinafter the "Bond") pursuant to 40 U.S.C. 270(a) from Defendant, Hartford Fire Insurance Company, in the amount of $139,615.16 as required by NPS.  In the Bond, Hartford agreed to bound "jointly and severally with" OK2 to make payment required

by 40 U.S.C. 270(a) to all persons having a direct contractual relationship with OK2 or to any subcontractor of OK2 who furnished labor, materials, or both in the prosecution of the work provided for in the Prime Contract, in the event that OK2 failed to make prompt payment to such persons.  A copy of the Payment Bond is attached hereto as Exhibit 1

7.     On or about May 29, 2020 (effective date, or June 9, 2020, date signed) OK2 contracted with Plaintiff, Big Sky House Moving LLC to furnish all labor, materials, equipment, and appurtenances necessary and required to complete the Project as required by the Prime Contract and its specifications.  A copy of the Subcontract in the sum of $139,615.16 is attached hereto as Exhibit 2 In addition, Plaintiff and OK2 entered into change orders, attached hereto as Exhibit 3, totaling $50,042.84

8.     The adjusted contract price increased to $189,658.00, of which Plaintiff earned $173,662.00 and for which Plaintiff has been paid $110,482.50, leaving a balance due of $63,179.50.

9.     Plaintiff had completed its work on or about October 3, 2020 all of which work was furnished in the prosecution of the work provided for in the Prime Contract and specifications.

10.    OK2 then failed to pay Plaintiff the principal sum of $63,179.50 due under the subcontract within thirty days of Plaintiff's invoices attached as Exhibit 4.

11.     Plaintiff then submitted a claim for payment to Surety under the Payment Bond, but Surety failed to pay Plaintiff the amount due.  On the date of this action, Plaintiff then filed its original complaint for recovery under the Miller Act within one year of Plaintiff's last date of completion of work .

12.     As of January 19, 2016, Plaintiff is owed the sum of $63,179.50 plus interest for materials supplied and work performed under its subcontract with OK2 for the Project.

## COUNT I

### (MILLER ACT PAYMENT BOND)

13.     Plaintiff repeats the allegations of paragraphs 1 through 12 as though fully set forth in this claim.

14. Plaintiff has performed all of its obligations under the Subcontract.

15.     OK2 has breached the Subcontract in that it has failed and refused to pay Plaintiff in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract and applicable change orders.

16.     Plaintiff has suffered damages as a direct and proximate result of OK2's breach of contract.

17.     Plaintiff furnished its labor and material as directed by OK2 in the prosecution of his work as provided for in such contract and change orders that

followed in respect of which a payment bond was furnished by the Surety under sections 270(a) to 270(d–1) of this title.

18.     As of October 3, 2020, the Plaintiff has not been paid in full, and therefore, before the expiration of a period of 90 days, the day upon which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, the Plaintiff shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him.

19. Surety is obligated, pursuant to their Bond to pay Plaintiff the balance due pursuant to 40 U.S.C. 270(b) for the labor, materials and services it furnished in the prosecution of the work provided for it the Prime Contract, and for which OK2 failed to make payment.

20.     Surety has failed to fulfill its obligation under the Bond to pay Plaintiff for labor, materials and services furnished in the prosecution of the work provided for in the Prime Contract, and for which OK2 failed to make payment.

21.     Plaintiff is entitled to payment from Surety pursuant to Miller Act, 40 U.S.C. § 3133 and 40 U.S.C. 270(b).

22.     Plaintiff is entitled to interest pursuant to its contract as the parties agree.

WHEREFORE for the foregoing reason the Plaintiff, Big Sky House Movers LLC prays that this Court enter judgment in its favor and against Hartford Fire Insurance Company, in the amount of $63,179.50, plus interest, cost of suit, reasonable attorney's fees and interest thereon.

DATED this 1ˢᵗ day of October, 2021.

Jason H. Robinson #7-4845
BABCOCK SCOTT & BABCOCK, P.C.
370 East South Temple, 4th Floor
Salt Lake City, UT  84111
Email: jason@babcockscott.com
Telephone: (801) 531-7000
Fax: (801) 531-7060